UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ELIZABETH I.,

           Plaintiff,

  v.

COMMISSIONER OF SOCIAL SECURITY,

           Defendant.

CASE NO. 3:22-cv-05415-BAT

**ORDER REVERSING THE COMMISSIONER'S DECISION**

Plaintiff appeals the ALJ's decision finding her not disabled. She contends the ALJ misevaluated her testimony and certain medical opinions and erred at step five in finding there exist jobs that exist in significant numbers that Plaintiff can perform. Dkt. 13 at 1. For the reasons below, the Court **REVERSES** the Commissioner's final decision and remands the case for further proceedings under sentence four of 42 U.S.C. § 405(g).

## BACKGROUND

In February 2019, Plaintiff applied for benefits, The ALJ conducted a hearing in April 2021, Tr. 71-107, and subsequently issued a decision finding Plaintiff not disabled. Tr. 21-36. In this decision, the ALJ noted he earlier found Plaintiff not disabled in March 2018, and the Appeals Council declined review of that decision, making that decision administratively final Tr. 21. The United States District Court and the Court of Appeals for the Ninth Circuit affirmed this

ORDER REVERSING THE COMMISSIONER'S DECISION - 1

administrative decision. *Id.* At the hearing the ALJ conducted in this case, Plaintiff moved to reopen the previous decision. *Id.* The ALJ denied the request to reopen and held the period at issue in this case begins on March 18, 2018, the day after the prior decision finding Plaintiff not disabled, to December 31, 2019, the date Plaintiff was last insured for disability benefits. Tr. 22. As the Appeals Council denied Plaintiff's request for review of the present decision, the ALJ's decision is the Commissioner's final decision. Tr. 1-7.

## DISCUSSION

**A.   Medical Opinions**

Under regulations applicable to this case, the ALJ is required to articulate the persuasiveness of each medical opinion, specifically with respect to whether the opinions are supported and consistent with the record. 20 C.F.R. § 404.1520c(a)-(c). An ALJ's consistency and supportability findings must be supported by substantial evidence. *See Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022). Plaintiff challenges the ALJ's assessment of opinions written by examining physician Thomas Gritzka, M.D., and treating physician Ross Vogelgesang, M.D.

*1.   Dr. Gritzka*

Dr. Gritzka examined Plaintiff in June 2018 and opined Plaintiff's limitations would preclude even sedentary work. Tr. 450-59. The ALJ discounted Dr. Gritzka's opinion on the grounds it was inconsistent with the medical record that showed Plaintiff had good strength, normal sensation, and good grip strength. Tr. 32. The ALJ agreed the record showed Plaintiff's gait was sometimes described as altered or slow during appointments and determined this limitation would be accounted for by limiting Plaintiff to sedentary work. *Id*.

The ALJ also discounted Dr. Gritzka's opinion that Plaintiff has disabling limits on the ability to concentrate and stay on task as inconsistent with the normal mental findings contained

1  in the treatment record and because Dr. Gritzka did not himself perform any mental testing. Tr.
2  32. The ALJ further rejected Dr. Grizka's opinion that Plaintiff would be absent from work on
3  the grounds it did not account for Plaintiff's improvement after the battery on her spinal cord
4  stimulator was replaced, and therefore does not reflect Plaintiff's functioning throughout the
5  adjudicated period. Tr. 33.
6        Plaintiff contends the ALJ erred in failing to account for two of the limitations specified
7  by Dr. Gritzka: (1) the limitation to occasional handling, fingering, and reaching on the left and
8  less than occasional handling, fingering, and reaching on the right; and (2) missing three days of
9  work per month due to chronic low back pain. Dkt. 13 at 11.
10       As to the manipulative limitations, Plaintiff argues the ALJ's reliance on evidence of
11 normal grip strength, Tr. 32, does not necessarily address all of the abilities required for
12 manipulation. The argument overlooks the ALJ also referenced other testing, such as sensation.
13 *See* Tr. 32. Specifically, the ALJ acknowledged the treatment record contained findings of
14 decreased right arm strength and sensation in July 2018, but noted these complaints had resolved
15 by January 2019. *See* Tr. 32 (citing Tr. 148-49, 681 (normal strength, sensation, reflexes in both
16 right and left arm)).  Further, the ALJ noted Plaintiff's complaints of numbness and decreased
17 hand/finger functioning were not reflected in the record as a whole, Tr. 32, and Plaintiff does not
18 cite any evidence the adjudicated period that contradicts this finding. *See, e.g.*, Dkt. 13 at 13-14
19 (citing Tr. 680-81, 1070-71, 1388, 1392). Because the ALJ did not rely solely on normal grip
20 strength to discount Dr. Gritzka's opinion about manipulative limitations, and instead identified
21 other normal findings contained in the record that undermine Dr. Gritzka's opinion, the ALJ
22 reasonable found Dr. Gritzka's opinion is inconsistent with the record.
23       As to the absenteeism limitation, the ALJ reasonably discounted Dr. Gritzka's opinion

ORDER REVERSING THE COMMISSIONER'S DECISION - 3

1   about the impact of Plaintiff's chronic pain because his opinion was based on Plaintiff's
2   condition when her spinal cord stimulator was not functioning properly, and because Plaintiff
3   reported significant pain relief once the battery was replaced, Dr. Gritzka's "one-time evaluation
4   . . . does not reflect the claimant's longitudinal functioning over the period at issue." Tr. 33.
5   Plaintiff challenges the ALJ's determination finding arguing she continued to rate her neck and
6   back pain as 5/10 (Dkt. 13 at 14) throughout the period. However, that rating is not per se
7   disabling and Plaintiff does not point to any evidence explaining why the ratings would cause her
8   to miss work three days per month. Rather the record indicates Plaintiff's pain ratings were
9   accompanied by a report that she experienced improvement and/or that her pain was "well
10  managed" with her treatment regimen. *See, e.g.*, Tr. 1182, 1185, 1188-89, 1191, 1194, 1197,
11  1200, 1204, 1207, 1210, 1213, 1216-17, 1219, 1223, 1225, 1234. Accordingly, the Court
12  concludes the ALJ reasonably discounted Dr. Gritzka's opinion.

   *2. Dr. Vogelgesang*

   In March 2021, Dr. Vogelgesang opined Plaintiff's physical limitations would preclude performing even sedentary work and her mental limitation would interfere with ability to complete a full workday. Tr. 1384-87. The ALJ discounted the opinion as inconsistent with Dr. Vogelgesang's own clinical findings, as well as with other findings in the treatment record. Tr. 33-34.

   Plaintiff reiterates arguments made with respect to Dr. Gritzka's opinion, contending the ALJ erred in finding the manipulative limitations identified by Dr. Vogelgesang to be inconsistent with the record. Dkt. 13 at 15-16. But for the reasons explained *supra*, the ALJ did not err in finding the records dating to the adjudicated period indicated mostly normal findings and were inconsistent with the manipulative limitations identified by Dr. Vogelgesang, which

ORDER REVERSING THE COMMISSIONER'S DECISION - 4

were more severe than the limitations identified by Dr. Gritzka. *See* Tr. 1386 (limiting Plaintiff to handling, fingering, and reaching in front on a less than occasional basis with both arms, and completely prohibiting overhead reaching with both arms). Plaintiff has not shown the ALJ erred in relying on the many normal findings as to Plaintiff's arm/hand strength and sensation in finding Dr. Vogelgesang's manipulative limitations inconsistent with the record. *See* Tr. 33-34.

Plaintiff also reiterates the absenteeism argument she asserted regarding Dr. Gritzka's opinion, contending Plaintiff's pain ratings suggest she would miss 2-3 days of work per month. Dkt. 13 at 16. As explained *supra*, however, Plaintiff has not shown why the pain ratings necessarily lead to absenteeism, nor has she shown the ALJ erred in finding the record revealed improvement in Plaintiff's pain and functionality with treatment. Accordingly, Plaintiff has not shown that the ALJ erred in finding Dr. Vogelgesang's absenteeism limitations to be inconsistent with the record.

Lastly, Plaintiff claims Drs. Gritzka and Vogelgesang were less interested in the manipulative and absenteeism limitations, and thus the ALJ should have given those limitations more weight because they are vocationally relevant. Dkt. 13 at 16. This claim is illogical and based upon Plaintiff's speculation, not the record.

Accordingly, the Court finds Plaintiff has not met her burden to show harmful legal error in the ALJ's assessment of the opinions of Drs. Gritzka and Vogelgesang.

**B.     Plaintiff's Testimony**

The ALJ discounted Plaintiff's testimony on the grounds (1) she reported to her providers she experienced improvement in her symptoms with treatment, and (2) Plaintiff did not report the medication side effects to providers she described at the hearing. Tr. 27-31. In the absence of evidence of malingering, an ALJ must provide clear and convincing reasons to discount a

1   claimant's allegations. *See Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014).

2   Plaintiff argues the ALJ erred because he failed to explain why he discounted her
3   allegations of chronic pain causing sleep disruption and resulting fatigue that would result in 2-3
4   absences per month and ignored her hand problems. Dkt. 13 at 17-18. The record does not
5   support Plaintiff's argument because it shows the ALJ addressed both issues. The ALJ cited
6   evidence where Plaintiff reported her pain improved with treatment to the point that she could
7   complete her daily activities. *See, e.g.*, Tr. 29 (citing Tr. 620), 30 (citing Tr. 641). Plaintiff cites
8   treatment notes mentioning her reports of chronic pain and sleep problems before the battery to
9   her spinal cord stimulator was replaced in February 2019 (Dkt. 13 at 17 (citing 680-81, 690, 694,
10  736, 741, 770, 775)), but the ALJ noted that after the battery replacement procedure, Plaintiff
11  reported improvement in pain control and activity level. *See* Tr. 29-30.  The ALJ also noted
12  Plaintiff reported "significant" pain relief in September 2019 after she began following medical
13  advice to use a back brace while driving and during laborious activities. *See* Tr. 30 (citing Tr.
14  1207, 1213).

15  The ALJ addressed Plaintiff's hand complaints, finding there was "insufficient evidence
16  of a hand or finger impairment" during the adjudicated period "that would significantly affect the
17  claimant's functioning." Tr. 28.  Plaintiff points to her own hearing testimony as evidence of
18  hand limitations (Dkt. 13 at 17) but has not shown the ALJ erred in relying on the many normal
19  functional findings related to Plaintiff's hands and fingers as evidence that is inconsistent with
20  Plaintiff's testimony as well as medical opinions describing significant manipulative limitations.
21  *See* Tr. 27-34.  Plaintiff has thus not met her burden to show the ALJ misevaluated the evidence
22  regarding her hand limitations.

23  Because Plaintiff's fails to establish error in her specific challenges to the ALJ's

assessment of her testimony, and because much of the ALJ's reasoning is unchallenged, the Court declines to disturb the ALJ's assessment of Plaintiff's testimony.

**C.    Step Five**

At step five, the Commissioner bears the burden to show a claimant is not disabled because he or she can perform other work that exists in significant numbers in the national economy.  20 C.F.R. §§ 404.1560(c)(2), 416.960(c)(2).

The ALJ found Plaintiff can perform three jobs that exist in significant numbers in the economy. Tr. 35-36. The record shows, and the parties agree that two of those jobs are in fact inconsistent with the ALJ's residual functional capacity determination. *See* Dkt. 13 at 4-6, Dkt. 19 at 2-4. Plaintiff argues the ALJ erred in finding the remaining job, semi-conductor bonder, exists in significant numbers. The VE testified there are 30,000 semi-conductor bonder jobs, DOT# 726.685-066, in the national economy.

In her opening brief Plaintiff argues 30,000 semi-conductor bonder jobs may not be a significant number of jobs because it is near the 25,000 number of jobs deemed to be a "close call" under *Gutierrez v. Comm'r Soc. Sec.*, 740 F.3d 519, 529 (9th Cir. 2014, and because the Commissioner's internal regulations (POMS) provide no "guideline rules" for individuals with Plaintiff's RFC in making step five determinations. Plaintiff further claims without further analysis from the VE, the ALJ cannot "simply declare" 30,000 constitutes a significant number of jobs.

In her reply brief Plaintiff raises a more fundamental problem with the VE's testimony that 30,000 semi-conductor bonder jobs exist. Plaintiff contends the sources upon which the VE relied in giving this testimony actually show the number of semi-conductor job available fall below 25,000 and that the job thus does not exist in significant numbers.

ORDER REVERSING THE COMMISSIONER'S DECISION - 7

Because this argument is raised for the first time in a reply brief it presents peculiar problems. Normally, a challenge to a VE's job numbers based on a conflict with alternative sources of job information, must be raised "in a general sense before the ALJ" to preserve a claimant's challenge. *See Shaibi v. Berryhill*, 883 F.3d 1102, 1109-10 (9th Cir. 2017). Here Plaintiff questioned the VE during the hearing about the sources of his job number information. This case differs from *Shabi* in that Plaintiff does not challenge to the VE's testimony and ALJ's decision based upon "alternative" sources of job information. Rather, in her reply, contends the VE's testimony is not supported by the sources upon which the VE himself stated he relied.

Additionally, an argument raised for the first time in a reply brief is normally waived or can be disregarded by the reviewing Court. However, in this unique instance, the Court finds it appropriate to address and adjudicate Plaintiff's argument. The Court finds it appropriate to make this finding because it is responsible for determining whether the ALJ's decision is supported by substantial evidence. It would hardly be correct or just to affirm the Commissioner's final decision when that decision is clearly not supported by substantial evidence. The Court limits this finding to a narrow set of circumstances in which a factual finding regards a specific concrete matter that is ***clearly*** not supported by substantial evidence.

In her reply Plaintiff argues the VE testified the resources upon which her relied— Skilltran, the DOT Job Browser Pro, and the Bureau of Labor— show there exists only 18,740 semi-conductor bonding jobs. The links Plaintiff provided regarding these resources are not particular helpful because access to the Skilltran link requires an account and is thus unavailable, and the link to the Bureau of Labor is the general link to the home page, not the specific occupation at issue.

However, the number of semi-conductor bonder jobs does not exist in a vacuum. A

ORDER REVERSING THE COMMISSIONER'S DECISION - 8

number of other federal court decisions show other VE's have testified that far fewer than 30,000 jobs exist as to the number of semi-conductor bonder positions. See *Lee Jones v. Commissioner of Social Security*, 2022 WL 1597802 at * 7 (E.D. Cal. May 19, 2022) (ALJ's decision regarding VE testimony that "bonder semiconductor (DOT# 726.685-066, sedentary SVP 2, [has] 16,000 jobs in national economy)."); *Jeremy C. v. Commissioner of Social Security*, 2021 WL 5933121 at * 1 (D. Or Nov. 1, 2022) (Based upon VE testimony ALJ found Plaintiff could perform work as "semiconductor bonder (DOT 726.685-066), with approximately 4,000 jobs in the national economy."); *Smith v. Berryhill*, 2018 WL 5075963 at *3 (D. Nev. March 29, 2018) (VE testified "semi-conductor bonder, DOT Code 726.685-066, sedentary in exertional level and exists in the national economy at about 2,140 jobs. AR 62-63.").

In light of how there are other federal decisions that reflect the number of semi-conductor bonder jobs that exist fall far below 30,000, the Court reluctantly concludes this step-five issue but be reassessed on remand because a reasonable factfinder could not say substantial evidence supports the VE's testimony and the ALJ's determination that there are 30,000 semi-conductor jobs in the national economy when in fact other VE's and ALJ's have found otherwise.

## CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **REVERSED,** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). As discussed above, the Court affirms and declines to disturb the ALJ's decisions as to claims of error regarding Plaintiff's testimony and the evaluation of the medical opinions. Thus, the Court orders that the scope of remand is limited to step-five of the disability determination process.

On remand, the ALJ shall make new determinations limited to step-five, with the assistance of a VE, as to whether there are jobs existing in significant numbers in the national economy that Plaintiff can perform, or whether there are no such jobs.

DATED this 9th day of January, 2023.

BRIAN A. TSUCHIDA
United States Magistrate Judge